IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-1226-WJM-NRN

WALDO MACKEY,

    Plaintiff,

v.

KRISTEN HILKEY,
DAVIS TALLEY,
CHAD DILWORTH,
DARLENE ALCALA,
JASON GUIDRY,
BRANDON MATHEWS,
DARIC HARVEY, and
ANY UNKNOWN DEFENDANTS FROM COLORADO BOARD OF PAROLE,

    Defendants.

---

**ORDER ADOPTING DECEMBER 10, 2021
RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on the December 10, 2021 Recommendation of United States Magistrate Judge N. Reid Neureiter ("Recommendation") (ECF No. 42) that the Court grant the Motion to Dismiss Plaintiff Waldo Mackey's Amended Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) ("Motion"), filed by Defendants Kristen Hilkey, Davis Talley, Chad Dilworth, Darlene Alcala, Jason Guidry, Brandon Mathews, and Daric Harvey (collectively "Defendants") (ECF No. 29).  Plaintiff objected to the Recommendation on January 26, 2022 ("Objections") (ECF No. 55), and Defendants responded to the Objections on February 9, 2022 (ECF No. 56).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

For the reasons explained below, the Court overrules the Objections, adopts the Recommendation in its entirety, and grants the Motion.

## I.  BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in Plaintiff's Amended Prisoner Complaint.  (ECF No. 14.)[1]

Plaintiff filed this action on May 4, 2021 and filed the Amended Prisoner Complaint on June 17, 2021.  (ECF Nos. 1, 14.)  As construed by Judge Neureiter, Plaintiff asserts claims of conspiracy to retaliate in violation of his First Amendment rights and the Equal Protection Act and retaliation in violation of the First Amendment; although Plaintiff does not seek monetary damages for his claims, Plaintiff seeks a declaratory judgment declaring that: (1) the Parole Board Defendants violated his First Amendment rights by retaliating against him for filing his 2017 lawsuit; (2) the Parole Board Defendants violated his equal protection rights; (3) he met all seven criteria for the Sex Offender Treatment and Monitoring Program ("SOTMP") and had an approved parole plan.  (ECF No. 42 at 5, 8; *see also* ECF No. 14.)  He further seeks a declaratory judgment and permanent injunction requiring Hilkey, the Parole Board Chair, to schedule another parole application hearing so that he can present the correct facts and the Parole Board can reach a decision by applying the correct analysis.  (ECF No. 42 at 9; ECF No. 14.)

On September 8, 2021, the Defendants filed the Motion.  (ECF No. 29.)  Plaintiff

---

[1] The Court assumes the allegations contained in the Amended Complaint are true for the purpose of resolving the Motion.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

2

responded on September 29, 2021 (ECF No. 31), and Defendants replied on October 15, 2021 (ECF No. 36). Judge Neureiter heard oral argument on October 19, 2021. (ECF No. 37.)

On December 10, 2021, Judge Neureiter issued the Recommendation that Defendants' Motion be granted and that this case be dismissed without prejudice. (ECF No. 42.) Specifically, Judge Neureiter determined that: (1) Plaintiff's requests for declaratory judgment that Defendants violated his rights and that he met all the criteria in SOTMP are moot because they relate to past Constitutional violations, and that the Court lacks subject matter jurisdiction over these requests and should dismiss these requests for declaratory relief without prejudice (*id.* at 7–9); (2) Plaintiff's request for a declaratory judgment and permanent injunction requiring Hilkey to schedule another parole application hearing is moot to the extent it is brought against Hilkey in her individual capacity because Plaintiff has failed to allege that she has any power to undertake any actions in her individual capacity (*see id.* at 9–10); (3) Plaintiff has failed to state a claim against Hilkey in her official capacity for retaliation because he cannot show that the retaliation for filing his 2017 lawsuit was the "but for" cause of his parole denial (*see id.* at 10–15); (4) Plaintiff has failed to state a claim against Hilkey in her official capacity for violation of the Equal Protection Clause because he has failed to sufficiently identify similarly situated comparators who were treated differently (*see id.* at 15–18); and (5) Plaintiff has failed to state a claim for conspiracy since he has failed to state his underlying retaliation and equal protection claims (*id.* at 18–19).

Plaintiff filed the Objections on January 26, 2022 ("Objections") (ECF No. 55), and Defendants responded to the Objections on February 9, 2022 (ECF No. 56).

## II. LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 72(b)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

### A.   Federal Rule of Civil Procedure 12(b)(1)

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts must be construed strictly. *See F&S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a

4

complaint for "lack of jurisdiction over the subject matter." A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). A party challenging the Court's jurisdiction may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *See id.* A court has wide discretion to allow affidavits, other documents, and may conduct a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *See id.*

## C.     Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This means that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief. 'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly,* 550 U.S. at 545 & 556). The plaintiff "does not need detailed factual allegations" but must

plead more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 556).

### III.  ANALYSIS[2]

#### A.  Retaliation Claim

In order to state a viable retaliation claim, a plaintiff must plausibly allege that: (1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). Under the third element, a plaintiff must demonstrate that the "alleged retaliation motives were the 'but for' cause of the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "Mere allegations of constitutional retaliation will not suffice; plaintiffs rather must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991).

As stated above, Judge Neureiter determined that the Amended Prisoner Complaint fails to state a claim because Plaintiff cannot show that the retaliation for filing his 2017 lawsuit was the "but for" cause of his parole denial."  (ECF No. 42 at 12.)

---

[2] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

As Judge Neureiter reasoned, although Colorado Revised Statute § 16-11.7-103(4)(f) directs the parole board to consider various "progress in treatment" criteria for determining whether an adult sex offender may be released from incarceration, the statute explicitly states that "[t]he criteria shall not limit the decision-making authority of the . . . the state board of parole." (*Id.* ("Thus, as Mr. Mackey acknowledges, he would not necessarily be granted parole simply because he met the seven criteria listed in Colo. Admin. Reg. § 700-19.").)

In his Objections, Plaintiff states that he "disagrees with [Judge Neureiter's] assessment with the 'crux' of [his] case, wherein [Judge Neureiter] claims he was denied parole in retaliation and all the rest of Plaintiff's claims stem form that." (ECF No. 55 at 1.) He argues that Defendants did not use the proper procedure in deciding whether to grant or deny parole and that because he successfully completed the SOTMP program and met all seven criteria, which is mandated for sex offenders, the Defendants' failure to "recognize/certify that [he] did so[ ] is akin to being removed from the program." (*Id.* at 2–3.) He argues that the crux of his retaliation claim is not that he was denied parole, but rather "procedural matters"—*i.e.*, that "although he met the seven criteria . . . retaliation is evidenced by [him] getting the 'worst' rating an inmate could get: 'retrogressed'" and being deferred for an additional three years. (*Id.* at 3.) He contends that he had in fact progressed, had an excellent SOTMP group rating, was recommended for parole by his therapist, and had a very good parole plan. (*Id.*)

After carefully considering Plaintiff's arguments, the Court agrees with Judge Neureiter's determination that Plaintiff has failed to plausibly state a claim that retaliation was the "but for" cause of the Parole Board's reversal of his standing and eligibility for

7

parole.  After all, although the Parole Board must consider various factors in evaluating an adult sex offender's parole application, the criteria does not limit the Parole Board's authority to grant or deny parole to that inmate.  *See* Colo. Rev. Stat. § 16-11.7-103(4)(f).  Thus, the fact that Plaintiff met the seven criteria set forth in Colo. Admin. Reg. § 700-19 does not demonstrate that the Parole Board was required to grant him parole.

Moreover, as Judge Neureiter pointed out, Plaintiff alleges that the Parole Board members went from "positive to negative" and noted that he had "Untreated Criminogenic Needs/Insufficient Treatment Dosage" at his sixth parole hearing after he "did not discuss his case the way that the board wanted him to."  (ECF No. 14 at 7 ¶ 9.)  This is consistent with the Parole Board's note on its deferral form that Plaintiff was "very inconvenienced having to talk about his multiple murders during the application hearing."  (ECF No. 42 at 13.)  Thus, even by Plaintiff's own allegations, there are non-retaliatory reasons upon which the Parole Board could deny his parole application.  This deficiency is particularly significant in this case, because Plaintiff did not allege that Defendants were even aware of his 2017 litigation when they conducted his most recent parole hearings.

Moreover, Judge Neureiter notes that in 2019, the Parole Board appears to have had a mistaken understanding about whether Plaintiff was convicted of one or more murder charges in addition to his sex offense conviction, due to the amendments to his judgment of conviction.  (*Id.*)  Although Plaintiff contends in his Objections that the Parole Board's mistake *must* evidence retaliatory motive, he did not clearly allege as such in his Amended Prisoner Complaint.

8

As Judge Neureiter points out, the January 14, 2021 Parole Board form notes that Plaintiff had not submitted a parole plan, which is another valid, non-retaliatory basis for denying his parole. (ECF No. 42 at 14.) Although Plaintiff contends in his Objections that he had a "very good parole plan" (ECF No. 55 at 3), he clarified during oral argument that his case manager failed to send his parole plan to the Parole Board. Moreover, the Court agrees with Judge Neureiter's determination that the statement in Plaintiff's treatment notes that his wife is "his approved support person" and that they "have a home in Denver that is his parole plan" is "insufficient to demonstrate that the Parole Board knew or should have known [Plaintiff] had an approved parole plan or that their failure to acknowledge it was retaliatory." (ECF No. 42 at 14–15.)

Plaintiff further argues that Judge Neureiter erred by weighing the evidence on a motion to dismiss. (ECF No. 55 at 3.) The Court disagrees; Judge Neureiter properly focused on whether Plaintiff has plausibly stated a claim in his Amended Prisoner Complaint.

Accordingly, this portion of the Objections is overruled, and the Court adopts this portion of the Recommendation.

**B.    Equal Protection Claim**

The Equal Protection Clause commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). Courts recognize that a plaintiff may bring a "class of one" equal protection claim where "the plaintiff alleges she has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) ("The paradigmatic 'class of one'

case, [ ] sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen.").

To state an equal protection claim based on a "class of one" theory, a plaintiff must first plausibly allege that others, "similarly situated in every material respect," were treated differently. *Kan. Penn Gaming, LLC*, 656 F.3d at 1216. "A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was 'irrational and abusive,' and 'wholly unrelated to any legitimate state activity." *Id.* (internal citations omitted). "This standard is objective—if there is a reasonable justification for the challenged action, we do not inquire into the government actor's actual motivations." *Id.*

Judge Neureiter concluded that "Mr. Mackey's references to other SOTMP members fail to sufficiently identify similarly situated comparators for his 'class-of-one' equal protection claim" because "there are a myriad of reasons the Parole Board, in its broad discretion, may grant one SOTMP group member parole but deny it to others." (ECF No. 42 at 17.)  He notes that Plaintiff failed to allege: (1) the severity or circumstances of the other SOTMP member offenses, which is a relevant consideration in the Parole Board's determination and, thus, a relevant factor to be considered in the similarly situated analysis; or (2) that Plaintiff was treated differently than members of the SOTMP group who also murdered someone.  (*Id.* at 17–18 (noting that "[t]he nature of [Plaintiff's] crime provides a rational basis for the Parole Board to treat [Plaintiff] differently from other SOTMP members").)  He further notes that "although [Plaintiff] alleges that no one else in his SOTMP who had met all seven criteria was identified as

10

having criminogenic needs, [Plaintiff] does not address whether the Parole Board also believed, mistakenly or not, that his comparators had committed other crimes for which they were not taking responsibility." (*Id.* at 18.)

Plaintiff argues that Judge Neureiter erred in concluding that he failed to allege membership in a "class or group" because "he did say that he was in a 'group' in the SOTMP and he was treated different[ly] from the rest of the group." (ECF No. 55 at 6.) He contends that "[a]ll inmates up for parole that are retaliated against for litigation against prison officials are similarly situated," and that he "was the only inmate [for whom] the mandated procedural guidelines were not applied to in his group." (*Id.* at 7.) He argues that because Defendants retaliated against him, he was treated differently from other similarly situated inmates as the "procedure used to evaluate [him] was not the same procedure sued to evaluate others in his group." (*Id.* at 8.)

The Court finds Plaintiff's Objections to the recommended ruling on his equal protection claim are unavailing for the reasons set forth Judge Neureiter's Recommendation. Because Plaintiff does not plausibly allege that he was similarly situated to other parole candidates with similar backgrounds and convictions who were granted parole, the Court finds that Plaintiff has failed to state an equal protection claim.

Accordingly, the Court overrules Plaintiff's Objections and adopts this portion of the Recommendation.

## C.   Other Claims And Requests for Relief

Although Plaintiff does not clearly raise an objection to other portions of the Recommendation, the Court has thoroughly considered Judge Neureiter's analysis. The Court concludes that his analysis was thorough and sound, and that there is no clear error on the face of the record. Accordingly, the Court adopts the

Recommendation in full.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objections (ECF No. 55) are OVERRULED;

2. The Court ADOPTS the December 10, 2021 Recommendation (ECF No. 42) in its entirety;

3. Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) (ECF No. 29) is GRANTED;

4. Plaintiff's claims are dismissed WITHOUT PREJUDICE; and

5. The Clerk is DIRECTED to mail a copy of this Order to Plaintiff and file a certificate of service on the docket.

Dated this 22nd day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge